IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
OCTOBER 5,2000 Session

## STATE OF TENNESSEE, EX REL., TAMMY L. DAVENPORT v. GERALD LAMONT PARTRIDGE

**Direct Appeal from the Juvenile Court for Hamilton County**
**No. 12195      Suzanne Bailey, Judge**

**FILED DECEMBER 27, 2000**

**No. E1999-02779-COA-R3-CV**

This appeal from the Hamilton County Juvenile Court concerns whether the Juvenile Court erred in determining the child support obligation of the Appellant, Gerald Lamont Partridge. We vacate the order of the Juvenile Court and remand for further findings of fact.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Juvenile Court Vacated; Cause Remanded**

HOUSTON M. GODDARD, P.J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., and D.MICHAEL SWINEY, JJ., joined.

Arvin H. Reingold, Chattanooga, Tennessee, for the appellant, Gerald Lamont Partridge.

Paul G. Summers, Stuart F. Wilson-Patton and Kim Beals, Nashville, Tennessee for the appellee, State of Tennessee, ex rel., Tammy L. Davenport.

## OPINION

In this appeal from the Juvenile Court of Hamilton County, the Respondent/Appellant, Gerald Lamont Partridge, contests the Juvenile Court's order which increases his child support obligation to $300.00 per month.

On August 10, 1993, Tammy Lynn Davenport, the custodial parent whose interests are represented by the State of Tennessee as Appellee in this case, gave birth to Thomas Tyler Partridge. On April 21, 1993, after appropriate genetic testing, the Appellant and noncustodial parent in this case, Gerald Lamont Partridge, was declared to be the legal father of Thomas Tyler Partridge and was ordered to pay child support in the amount of $60.00 per month. Since that

time, the Juvenile Court has, on occasion, entered orders increasing Mr. Partridge's child support obligation. The most recent such order, entered on November 12, 1999, sets Mr. Partridge's child support obligation at $300.00 per month. The order shows that the Juvenile Court calculated this amount, in part, on the basis of Mr. Partridge's gross pay of $240.00 per week and, in part, on the basis of income imputed to Mr. Partridge as a result of food, lodging and vehicle use provided to Mr. Partridge by his parents.

The record shows that Mr. Partridge is employed on a full time basis at his father's hotel/restaurant business for which he receives gross wages in the amount of $240.00 per week. Mr. Partridge's father testified at trial that he suffers from congestive heart failure and, therefore, requires Mr. Partridge's assistance in operating the business, although there is also testimony from Mr. Partridge which reveals that Mr.Partridge has six siblings who have sufficient knowledge to perform the same job.

Although Mr. Partridge holds an Associates Degree, he ceased attempts to secure employment in his field of study once he began working for his father.

Mr. Partridge resides with his parents and they also furnish him with meals and the use of a vehicle. Mr. Partridge pays his parents $25.00 per week for the food and lodging which he receives from them.

The following issues ,which we restate, are presented for appeal:

I. Whether the Juvenile Court erred in it's calculation of Mr. Partridge's child support obligation by basing such calculation, in part, on income imputed to Mr. Partridge as a result of food, lodging and vehicle use provided by his parents.

II. Whether the Juvenile Court erred in it's calculation of Mr. Partridge's child support obligation by failing to determine whether Mr. Partridge is willfully and voluntarily underemployed.

III. Whether the Juvenile Court erred in taking judicial notice of the monthly cost of food, lodging, and vehicle use provided to Mr. Partridge by his parents.

As mandated by Rule 13(d) of the Tennessee Rules of Appellate Procedure, the standard of review in this non-jury case is de novo upon the Trial Court record with a presumption of correctness as to findings of fact by the Trial Court. There is no such presumption as to findings of law. *Campbell v. Florida Steel Corporation,* 919 S.W.2d 26, (Tenn. 1996).

T.C.A.36-5-101(e)(1) provides as follows with respect to the setting of child support:

(1) In making its determination concerning the amount of support of any minor child or children, the court shall apply as a rebuttable presumption the child support guidelines as provided in this subsection.

The Guidelines, referenced at T.C.A.36-5-101(e)(1), are promulgated by the Department of Human Services in chapter 1240-2-4 of the Official Compilation of the Rules and Regulations of the State of Tennessee.

Under the Guidelines, child support is calculated on the basis of the noncustodial parent's net income as derived, in turn, from a determination of such parent's gross income. The Guidelines further state that in kind remuneration must be imputed as gross income. See Tenn. Comp. R. & Reg.s, ch.1240-2-4-.03(3)(a).

The first issue presented in this appeal is whether there is sufficient evidence in this case to support the conclusion that the benefits of food, lodging and vehicle use received by Mr. Partridge from his parents constitute in kind remuneration imputable as income under the Guidelines. We do not believe that there is sufficient evidence to support this conclusion.

The mere fact that Mr. Partridge receives benefits from his family while working for his family is not, in itself, enough to qualify those benefits as in kind remuneration. Absent evidence that the benefits received amount to payment for services rendered, such benefits cannot be imputed to Mr. Partridge's income under the Guidelines. See *State of Tennessee ex rel. Rion v. Rion*, 1997 WL 796212 (Tenn. Ct. App. 1997).

We find no reason to believe that Mr. Partridge would not receive meals, lodging and vehicle use from his parents even were he not employed by his family. Should it be shown that Mr. Partridge did not receive these benefits prior to employment by his family this would lend support to a finding that he would not receive such benefits but for his employment. There is, however, no evidence in the record as to when Mr. Partridge's family began providing him with these benefits.

From our review of this case, we believe that the Juvenile Court's conclusion that the benefits received by Mr. Partridge constitute in kind remuneration derives from the perception that the $240.00 per week which Mr. Partridge makes working for his family is less than he would receive were he working elsewhere and that the food, lodging and vehicle use are, therefore, intended to supplement his salary and, thereby, deter him from seeking more lucrative employment. However, there is no proof offered that the salary which Mr. Partridge receives from his father is below the average rate of pay received by persons similarly employed at comparable businesses.

As to the proposition that Mr. Partridge would be making more money if he were employed in a job which utilizes his Associates Degree[1], we find no evidence, other than speculation by the State, as to what Mr. Partridge's earning potential would be were he employed within his field of study. In fact, other than the State's assertion that "although it is not clear from the record, it seems that his training is in computers", we find no evidence as to exactly what particular job, or jobs, Mr. Partridge's Associates Degree qualifies him for. And, although it is also asserted that Mr. Partridge has had two job interviews, there is no evidence that Mr. Partridge has had any job offers, nor is there any other evidence presented regarding the marketability of Mr. Partridge's Associates Degree.

Absent findings of fact, with respect to Mr. Partridge's earning potential and the marketability of his Associates Degree, and adequate underlying evidence to warrant such findings, we do not believe that Juvenile Court's conclusion that the benefits provided to Mr. Partridge constitute in kind remuneration is sufficiently supported.

The marketability of Mr. Partridge's Associates Degree and his earning potential are also directly related to the second issue in this appeal which is whether the Juvenile Court erred in failing to consider the matter of willful and voluntary underemployment when setting Mr. Partridge's child support obligation.

In our view, adherence to the Child Support Guidelines does necessitate a determination by the Juvenile Court as to whether or not Mr. Partridge is willfully and voluntarily underemployed. As set forth at Tenn. Comp. R. & Regs., ch. 1240-2-4-.03(d) :

> (d)  If an obligor is willfully and voluntarily unemployed or underemployed, child support shall be calculated based on a determination of potential income, as evidenced by educational level and/or previous work experience.

We believe that a determination of underemployment in this case requires findings of fact with respect to the marketability of Mr. Partridge's degree and his earning potential and, for the reasons hitherto stated, we find the record to be deficient in such findings.

Under T.C.A. 36-5-101(e)(1), the presumption that the Child Support Guidelines are applicable in determining the amount of the child support obligation may be rebutted if the court finds sufficient evidence to do so and if the court makes a written finding that applying the Guidelines would be unjust or inappropriate. See *Hoffman v. Hoffman*, 1998 WL 205707 (Tenn. Ct. App.).

In the case before us, it appears that the Juvenile Court failed to apply the Guidelines and also failed to make a written finding as to why the Guidelines should not be applied.

---

[1] The record does not disclose the specific degree received.

The final issue presented in this appeal concerns whether the Juvenile Court erred in taking judicial notice of the monthly cost of the food, lodging and vehicle use provided to Mr. Partridge. Although we believe that it is, perhaps, preferable that proof be required as to the cost of these items, we find it unnecessary to address this issue by reason of the fact that the order of the Juvenile Court is to be vacated on other grounds heretofore stated.

For the foregoing reasons, we vacate the Juvenile Court's order of November 12, 1999 and remand this case for further findings of fact consistent with this opinion. Costs are adjudged one-half against Mr. Partridge and one-half against the State of Tennessee.

_____
HOUSTON M. GODDARD, PRESIDING JUDGE